UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY
-------------------------------------------------------X
ROSE RICHARDSON,

              Plaintiff,                    **PLAINTIFF DEMANDS**
                                             **A JURY TRIAL**

STATE OF NEW JERSEY-OFFICE
OF THE ATTORNEY GENERAL

              Defendant.

-------------------------------------------------------X

      Plaintiff, Rose Richardson, through her counsel, DEREK SMITH LAW GROUP, PLLC hereby submits this Complaint and complains of the DEFENDANT, upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII") seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to a hostile work environment, race discrimination, gender discrimination, retaliation, and failure to promote.

2. Jurisdiction of this action is conferred upon this Court as this action involves a federal question under Title VII of the Civil Rights Act.

3. Venue is proper in this District base upon Defendant's being subject to personal jurisdiction within Mercer County, State of New Jersey, within the District of New Jersey. 28 U.S.C. §1391(d).

4. Defendant State of New Jersey – Office of the Attorney General maintains offices at 25 Market Street, Trenton, New Jersey 08625.

5. On or about March 31, 2016, Plaintiff submitted a Charge with the EEOC.

6. On or about June 27, 2016, the EEOC mailed a Right to Sue Letter to Plaintiff.

7. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

## PARTIES

8. Plaintiff is an individual African-American female residing in the state of New Jersey.

9. Defendant State of New Jersey -Office of the Attorney General is a government agency with the State of New Jersey.

10. At all times herein mentioned, Defendant State of New Jersey was and is the employer of the Plaintiff.

11. Plaintiff commenced employment with Defendant on or around April 12, 1993 as a Legal Secretary Two at 25 Market Street, Trenton, New Jersey 08625.

12. Plaintiff worked as a Legal Secretary Two for two (2) years.

13. Defendant promoted Plaintiff to a Legal Secretary 1.

14. Defendant promoted Plaintiff regularly until she reached her current position as a Building Management Services Specialist One.

15. Plaintiff started her current position around 2014.

16. Plaintiff duties included: supervising the mail room, records, hotline, intake, messengers, supply room, and satellites.

17. Prior to Plaintiff's new supervisor commencing employment with Defendant, Plaintiff received satisfactory evaluations.

18. On or around December 2013, Plaintiff submitted paperwork for a promotion to Building Management Services Specialist One.

19. Plaintiff had all the requisite experience and responsibilities to attain the position.

20. Defendant intentionally stalled Plaintiff's application.

21. Plaintiff filed a grievance with her union to investigate the reasons for the delay.

22. Nearly a year elapsed before Plaintiff was promoted on or around September 25, 2014.

23. Subsequently, Defendant promoted Caucasian employees within two (2) and five (5) months of applying for the position.

24. Defendant has no reasonable explanation as to why Plaintiff's promotion took nearly two (2) years to achieve while her Caucasian counterparts were promoted in mere months.

25. Immediately upon starting the position Plaintiff noticed that her section was understaffed.

26. Plaintiff made numerous requests to staff-up her departments but Defendant rejected her requests.

27. On or around April 18, 2015, Plaintiff attended a meeting with Defendant's supervisor Peter Traum regarding Plaintiff's performance.

28. During the meeting, Mr. Traum immediately started yelling.

29. Defendant's supervisor Mr. Traum was dismissive towards Plaintiff and started banging on the table.  Plaintiff was the only African-American attending the meeting.

30. Plaintiff never witnessed Mr. Traum act dismissively or aggressively towards her Caucasian counterparts.

31. Subsequent to the meeting, Plaintiff filed an internal grievance with the E.E.O.C. for a hostile work environment against Defendant.

32. Around two (2) or (3) days after the meeting with Mr. Traum Plaintiff went out on disability due to stress, anxiety, and depression involving her interactions with Mr. Traum.

33. Plaintiff was out on disability for one (1) month.

34. Plaintiff returned to work around June 10, 2015.

35. On or about October 15, 2015, Plaintiff filed an E.E.O.C. Questionnaire alleging discrimination on race, gender, and retaliation.

36. Plaintiff's complaint was based on Defendant promoting Caucasian employees in much shorter time periods than she.

37. Plaintiff alleged that a co-worker stated to her that Plaintiff was the first Black person he ever met that did not carry a knife.

38. This comment was overheard by Legal Affairs personnel named Melica.  The incident went unreported.

39. On or around November 5, 2015 Defendant posted a position titled, Manager Two.

40. Over her long and distinguished tenure with Defendant Plaintiff acquired all the necessary requirements in order to qualify for the position.

41. On November 6, 2015, Plaintiff sent a resume to Defendant regarding her interest in the position.

42. February 2, 2016, Plaintiff interviewed with Peter Traum for the position.

43. On or about March 31, 2016, Plaintiff submitted a Charge with the EEOC

44. On or around June 2016 Plaintiff learned that she did not in fact get the position.

45. Defendant hired a Caucasian female with far less experience than Plaintiff.

46. This was clearly retaliation for Plaintiff making an E.E.O.C. complaint on March 31, 2016.

47. On or around August 1, 2016, Plaintiff filed an E.E.O.C. Charge alleging retaliation and disability discrimination. Plaintiff checked the box indicating that these allegations were a continuing action.

48. As a major aspect of Plaintiff's supervisory responsibilities are evaluating her subordinates.

49. In order to be promoted it is essential that Plaintiff show that she is filling out evaluations or Performance Assessment Ratings (PARS).

50. Shortly after filing her March 31, 2016, complaint, Defendant's manager Steven Mattson removed PARS from Plaintiff's duty without a reasonable explanation.

51. Plaintiff is still currently without that responsibility in retaliation for filing her E.E.O.C. Charge in March of 2016.

52. Defendant subsequently removed Plaintiff's management of the supply room. Plaintiff held that supervisory responsibility since receiving the promotion in 2013.

53. Since March of 2014, Plaintiff complained to Defendant regarding gender discrimination.

54. In particular, Plaintiff complained that her staff was woefully understaffed as compared to her Caucasian male counterparts.

55. To this day Defendant has not fixed this inequality and still expects Plaintiff to provide a quality product.

56. Due to the harassment of Defendant, Plaintiff suffers from high stress and anxiety.

57. Plaintiff suffered emotional pain, suffering, inconvenience, and other non-pecuniary losses.

58. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendant.

59. The above are just some of the examples of unlawful conduct to which Defendant subjected Plaintiff on an ongoing continuous basis.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(not against any individual Defendant)**

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a)   Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

62. DEFENDANT engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., as set forth herein.

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(not against any individual Defendant)**

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)

   provides that it shall be unlawful employment practice for an employer:

   "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

65. DEFENDANT engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of DEFENDANT.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

   **WHEREFORE**, Plaintiff demands judgment against Defendant, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
       September 19, 2016

                                        DEREK SMITH LAW GROUP PLLC

                                        _____
                                        Zachary Holzberg
                                        30 Broad Street, 35th Floor
                                        New York, N.Y. 10004
                                        (212) 587 – 0760
                                        *Attorneys for Plaintiff*